**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
Drew B. Wixted
502 Carnegie Center
Princeton, New Jersey
609-919-6600

**SLEVIN & HART, P.C.**
Fredrick M. Marx*
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C.  20036
(202) 797-8700 (tel)
(202) 234-8231 (fax)

Attorneys for Plaintiff

*Mr. Marx will file an application for *pro hac vice* admission

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BOARD OF TRUSTEES, BAKERY DRIVERS &** ) <br> **SALESMEN LOCAL 194 AND INDUSTRY** ) <br> **PENSION FUND** ) <br>     **2003 US Route 30, Suite A** ) <br>     **North Brunswick, NJ 08902** ) <br> ) <br>         **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **HOSTESS BRANDS, INC. (formerly known as** ) <br> **INTERSTATE BRANDS CORPORATION)** ) <br>     **6031 Connection Drive** ) <br>     **Irving, TX 75039** ) <br> ) <br>         **Defendant.** ) | **Civil Action No.** |

**COMPLAINT**

Plaintiff, by counsel, hereby complain of Hostess Brands, Inc. (formerly known as

Interstate Brands Corporation) (hereinafter referred to as "Defendant") as follows:

**The Parties**

1.      Plaintiff Board of Trustees, Bakery Drivers & Salesmen Local 194 and Industry Pension Fund (the "Fund") is a multi-employer employee benefit plan within the meaning of Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 1002(37).   Plaintiff consists of individual Trustees of the Fund (collectively, the "Trustees"), who are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Fund is administered in North Brunswick, New Jersey.

2.      Upon information and belief, Defendant is a corporation organized under the laws of the State of Delaware with a primary place of business at 6031 Connection Drive, Irving, Texas 75039.

**Introduction**

3.      This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001 et seq.  Plaintiff seeks a money judgment awarding delinquent contributions, interest, liquidated damages, and attorneys' fees and costs as a result of the Defendant's failure to pay contributions required by a collective bargaining agreement between the parties.

**Jurisdiction and Venue**

4.      Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal questions and commerce) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. §185.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

DB1/ 68836641.1

2

## Background

6.     The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

7.     Upon information and belief, Defendant and the International Brotherhood of Teamsters Local Union No. 701 or its successors, have been, at all times pertinent to this action, parties to one or more collective bargaining agreements ("Agreements") obligating Defendant to make monthly payments to the Fund for all employees covered by the Agreements.

8.     The terms of the Agreements obligate the Defendant to be bound by the terms and provisions of the Fund's Agreement and Declaration of Trust ("Trust Agreement"), including all amendments thereto.

9.     The Trust Agreement binds the Employer to the Fund's policies and rules regarding the collection of delinquent contributions that are adopted by the Trustees ("Delinquency Policy").

10.     The Delinquency Policy requires the Defendant to submit monthly remittance reports and pension contributions to the Fund.

11.     The Delinquency Policy requires that the completed remittance reports and accompanying payment are due to the Funds no later than the tenth day after the end of each month for work performed in that month and are delinquent if not paid after the fifth day following the due date.

12.     According to the remittance reports filed by Defendant, Defendant owes contributions in the amount of $1,529,508.00 for the months of July 2011 through November 2011.

13.     For the months of July 2011 through November 2011, Defendant employed employees for whom monthly contributions were due but failed to make the required employer contributions, despite its obligation to do so under the Agreement, the Trust Documents, and Section 515 of ERISA, 29 U.S.C. § 1145.

### Count I: Violations of ERISA and the Trust Agreement

14.     Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

15.     By the foregoing conduct, the Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145.

16.     Under Section 502(g)(2) of ERISA, the Fund is entitled to recover the unpaid contributions, interest, liquidated damages, and attorney's fees as part of its recovery for violations of Section 515.

17.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Trust Agreement and Delinquency Policy, the Fund is entitled to interest at the rate of 5.25% rate on the amount of the outstanding delinquent contributions from the date of the first delinquency until payment is received.

18.     Accordingly, Defendant owes $17,683.39 in interest as of the date of this filing on the amount of the outstanding delinquent contributions.  Interest continues to accrue until payment is received.

19.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Trust Agreement and Delinquency Policy, the Fund is entitled to liquidated damages in an amount equal to the greater of 20% of the delinquent amount or interest that has accrued on the delinquency.

20.     Accordingly, Defendant owes $305,901.60 in liquidated damages as of the date of this filing.

21.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Trust Agreement and Delinquency Policy, attorneys' fees that accrued in collection of the unpaid contributions are also owed.

22.     Therefore, Defendant owes the Fund a total of $1,853,092.99 plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays that the Court:

A.     Order the Defendant to pay to the Fund:

(1)     the sum of all delinquent pension contributions in the amount of no less than $1,529,508.00;

(2)     interest on all amounts due, from the dates they become due and owing as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) in the amount of no less than $17,683.39;

(3)     liquidated damages as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) in the amount of no less than $305,901.60;

(4)     attorneys' fees and other costs and disbursements in this action as required by ERISA Sections 502(g)(2), 29 U.S.C. § 1132(g)(2) and 502(g)(1), 29 U.S.C. § 1132(g)(1); and

(5)     additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of the Defendant's payroll records.

B.     Retain jurisdiction of this case pending compliance with its Orders;

C.     Grant such other and further relief as the Court may deem just.

Respectfully submitted,

**MORGAN LEWIS & BOCKIUS, LLP**

DATED:  January 10, 2012

*/s/ Drew B. Wixted*

Drew B. Wixted
502 Carnegie Center
Princeton, NJ 08540
T: 609.919.6600
F: 609.919.6701
Counsel for Plaintiff

     A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

## <u>Local Rule 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding. I further certify that there are no additional known parties who should be joined in the present action at this time.


                                      **MORGAN LEWIS & BOCKIUS, LLP**


DATED:  January 10, 2012              <u>*/s/ Drew B. Wixted*</u>
                                      Drew B. Wixted
                                      502 Carnegie Center
                                      Princeton, NJ 08540
                                      T: 609.919.6600
                                      F: 609.919.6701
                                      Counsel for Plaintiff